*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

## UNITED STATES
Appellant

**v.**

## Isaac J. SERJAK, Airman First Class
United States Air Force, Appellee

**No. 25-0120**
Crim. App. No. 40392

Argued October 22, 2025—Decided January 23, 2026

Military Judge: Lance R. Smith

For Appellant: *Mary Ellen Payne*, Esq. (argued); *Colonel Matthew D. Talcott* and *Lieutenant Colonel Jenny A. Liabenow* (on brief).

For Appellee: *Frank J. Spinner*, Esq. (argued); *Major Jordan L. Grande.*

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, and Judge JOHNSON joined. Judge HARDY filed a separate dissenting opinion.

———————————

Judge MAGGS delivered the opinion of the Court.

The United States Air Force Court of Criminal Appeals (AFCCA) held that the evidence in this case was factually insufficient to find Appellee guilty of sexual assault without consent in violation of Article 120(b)(2)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(b)(2)(A) (2018). *United States v. Serjak*, No. ACM 40392, 2024 CCA LEXIS 524, at *3, 2024 WL 5076421, at *2 (A.F. Ct. Crim. App. Dec. 11, 2024) (unpublished). Relying on this Court's decision in *United States v. Mendoza*, 85 M.J. 213 (C.A.A.F. 2024), the AFCCA determined that the Government failed to meet its burden of proving "the victim was capable of consenting but did not consent." 2024 CCA LEXIS 524, at *42, *49, 2024 WL 5076421, at *14, *17.

Major General Rebecca R. Vernon, who was then performing the duties of the Judge Advocate General of the United States Air Force, certified the following question to this Court: "Whether the Air Force Court of Criminal Appeals erred in applying *United States v. Mendoza* . . . to find Appellee's sexual assault conviction factually insufficient."[1] We answer the certified question in the affirmative and remand the case for a new factual sufficiency review consistent with this opinion.

## I. Background

The specification of sexual assault without consent alleged that Appellee "did, at or near Royal Air Force Mildenhall, United Kingdom, on or about 19 February 2021, commit a sexual act upon [J.M.], by penetrating her vulva with his penis, without her consent." The Government sought to prove this specification by calling J.M. as a witness. J.M. testified that, on the evening in question, she began drinking at a friend's home and that

---

[1] Major General Vernon's signature on the certificate for review is accompanied by this notation: "Performing The Duties Of The Judge Advocate General." We are satisfied that this Court has jurisdiction here.

she and others then went to a party. She testified that she first met Appellee at the party, that she had never spoken to Appellee before the party, that she did not have any conversation with him at the party, and that she did not dance with him at the party.

J.M. testified that she drank heavily at the party and was "pretty under the influence" by the end of the party. J.M. testified that Appellee was a designated driver who drove her and others back to their air base and that during the ride she did not speak to Appellee. J.M. further testified that upon returning to the air base, she and others went to an airman's dorm room, that she continued drinking, and that she became even more intoxicated.

J.M. testified that Appellee drove her back to her dorm, that she started walking to her dorm room, that Appellee called out her name to come back, that she turned around and walked back to Appellee's dorm room, that Appellee ushered her into his room, that they spoke for a while, and that she lay down on his bed and fell asleep. She testified that she was fully dressed when she fell asleep except that she had taken her shoes off. She testified that when she woke up, she was wearing only a jacket and her hair was wet. She testified that she immediately went into the bathroom and locked the door.

J.M. testified that while she was in the bathroom, she removed a tampon that was deep inside her body. J.M. testified that she does not have sex while menstruating. J.M. testified that she then left the bathroom, put on clothes, and ran to her room. Finally, J.M. testified that she was not attracted to Appellee, that she does not remember having sex with him, and that she did not want to have sex with him before she fell asleep in his room.

After the incident, Appellee reported that J.M. had sexually assaulted him. On a "Sexual Assault Forensic Examination (SAFE) Report" form, Appellee wrote that he told J.M. that he did not want to have sex with her, that she got on top of him, that every time he tried to move away, she wrapped her legs around him, and that she dug

her nails into him. The report documented scratches on Appellee's body. The first sergeant of Appellee's unit testified that Appellee had similarly told him that he had invited an intoxicated female airman to his dorm room, that he tried to help her sober up, that they both fell asleep, and that when they woke up, she pressured him to have sex.

A general court-martial found Appellee guilty, contrary to his pleas, of committing a sexual act upon J.M. without her consent in violation of Article 120(b)(2)(A), UCMJ. The court-martial also found Appellee guilty, again contrary to his pleas, of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907 (2018), for stating that he was sexually assaulted by J.M., or words to that effect. For these and other offenses,[2] the military judge sentenced Appellee to a dishonorable discharge, confinement for 54 months and 100 days, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Relying on this Court's decision in *Mendoza*, the AFCCA held that the evidence was factually insufficient for finding Appellee guilty of sexual assault without consent. *Serjak*, 2024 CCA LEXIS 524, at *49, 2024 WL 5076421, at *17. The AFCCA reasoned:

> The Government charged this offense as "without consent," a violation of Article 120(b)(2)(A), UCMJ. [J.M.] did not testify she consented to the penetration of her vulva by [Airman First Class Serjak]'s penis as she did not make a "freely given agreement" to the sexual intercourse. [*Manual for Courts-Martial, United States* pt. IV, para. 60.a.(g)(7)(A) (2019 ed.) (*MCM*).] However, whether she had the capacity to consent as a "competent person" is not in the record before us. *MCM*, pt. IV, ¶ 60.a.(g)(7)(A). Although [Airman

---

[2] The general court-martial also found Appellee guilty of other offenses that did not concern J.M., namely, one specification of assault consummated by battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2018), and one specification of abusive sexual contact in violation of Article 120, UCMJ.

First Class Serjak] provided a statement to the nurse examiner that [J.M.] had initiated sexual intercourse with him, this statement is inconsistent with the remainder of the evidence before us and does not specifically address the issue of whether she had sufficient capacity to consent, and did in fact, consent.

*Id.* at \*48-49, 2024 WL 5076421, at \*17.

## II. Standard of Review

This Court reviews de novo the legal sufficiency of the evidence. *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019). "The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gutierrez*, 73 M.J. 172, 175 (C.A.A.F. 2014) (internal quotation marks omitted) (quoting *United States v. Bennitt*, 72 M.J. 266, 268 (C.A.A.F. 2013)). This Court may review whether a Court of Criminal Appeals (CCA) applied "correct legal principles" in performing its factual sufficiency review. *United States v. Harvey*, 85 M.J. 127, 129 (C.A.A.F. 2024).

## III. Discussion

### A. Applicable Legal Principles

Article 120(b)(2)(A), UCMJ, establishes the offense of sexual assault without consent. *MCM* pt. IV, para. 60.a.(b)(2)(A). This article provides: "Any person subject to this chapter who— . . . (2) commits a sexual act upon another person—(A) without the consent of the other person . . . is guilty of sexual assault and shall be punished as a court-martial may direct." 10 U.S.C. § 920(b)(2)(A). Based on this language, the government must prove two elements beyond a reasonable doubt: "(i) That the accused committed a sexual act upon another person; and (ii) That the accused did so without the consent of the other person." *MCM* pt. IV, para. 60.b.(2)(d)(i)-(ii).

The parties in this case disagree about whether the AFCCA properly assessed the factual sufficiency of the

evidence to prove the "without . . . consent" element in Article 120(b)(2)(A), UCMJ. In *United States v. Moore*, __ M.J. __, __ (6-10) (C.A.A.F. 2026), another case decided today, the Court identified three legal principles that may resolve disputes about the legal and factual sufficiency of evidence to prove the "without . . . consent" element. We review these principles here.

The first legal principle identified in *Moore* is this Court's holding in *Mendoza. Moore*, __ M.J. at __ (6-7). In *Mendoza*, this Court decided that "the Government cannot . . . prove the absence of consent under Article 120(b)(2)(A), UCMJ, by *merely* establishing that the victim" was incapable of consenting at the time of the sexual act. 85 M.J. at 222 (emphasis added).

The second legal principle identified in *Moore* is this:

> If a rational trier of fact could find from the evidence *both* that the victim did not consent before falling asleep *and* that the sexual act subsequently occurred while the victim was asleep, the evidence is legally sufficient to prove the "without . . . consent" element of Article 120(b)(2)(A), UCMJ.

__ M.J. at __ (8). But even though the evidence may be legally sufficient, a CCA could still find the evidence to be factually insufficient. *Id.* at __ (10).

The third legal principle identified in *Moore* is our holding in *United States v. Casillas*, 86 M.J. 94 (C.A.A.F. 2025). *Moore*, __ M.J. at __ (6). In *Casillas*, the Court held that evidence may be legally sufficient to prove the "without . . . consent" element if the evidence shows that the victim was asleep when the sexual act began but awoke before the sexual act was complete and, while awake, did not consent to the ongoing sexual act. 86 M.J. at 102. But again, even though the evidence may be legally sufficient, a CCA could still find the evidence to be factually insufficient. *Moore*, __ M.J. at __ (12).

6

## B. Factual Sufficiency

In this case, as explained above, the AFCCA held the evidence was factually insufficient to prove the "without . . . consent" element of Article 120(b)(2)(B), UCMJ. We see no reason to question whether the AFCCA understood the first and third legal principles described in *Moore* when it conducted its factual sufficiency review. We cannot be confident, however, the AFCCA properly understood the second legal principle because the AFCCA decided this case before this Court decided *Moore*.

Under the second legal principle, the evidence was legally sufficient. A reasonable trier of fact *could have found* that J.M. did not give consent to a sexual act with Appellee at any time before she fell asleep or became too intoxicated to consent because she testified that she did not consent. J.M.'s testimony regarding her lack of consent is consistent with her testimony that she did not talk, dance, or flirt with Appellee. A reasonable trier of fact also *could have found*, on the basis of J.M.'s testimony, that the sexual act occurred at a time when she was either asleep or too intoxicated to reverse course and give consent.

However, as we recognized in *Moore*, even if the evidence is legally sufficient to prove the "without . . . consent" element of Article 120(b)(2)(A), UCMJ, a CCA still might find the evidence to be factually insufficient. We therefore remand the case for a new factual sufficiency review. We of course express no opinion on whether the AFCCA should or should not find the evidence to be factually sufficient.

## IV. Conclusion

The certified question is answered in the affirmative. The decision of the United States Air Force Court of Criminal Appeals is set aside. The record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review of the factual sufficiency of the evidence, consistent with this opinion, and to consider any other issues previously raised by

Appellee before the lower court that were mooted by its prior decision.

Judge HARDY, dissenting.

For the reasons stated in *United States v. Mendoza*, 85 M.J. 213 (C.A.A.F. 2024), I respectfully dissent.